UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIANO PEREZ GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER<br><br>Respondent. | No.  2:26-cv-01003-DAD-DMC<br><br>ORDER DENYING PETITONER'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 2) |

This matter is before the court on petitioner's motion for temporary restraining order. (Doc. No. 2.)  For the reasons explained below, petitioner's motion will be denied.

**BACKGROUND**

On Mach 20, 2026, petitioner, proceeding *pro se*, filed a motion for temporary restraining order.  (Doc. No. 2.)  He argues therein that his detention violates due process and the Immigration and Nationality Act (the "INA") because he has not been afforded a bond hearing before an immigration judge ("IJ") to determine whether his continued detention is necessary. (*Id.* at 4.)  On March 24, 2026, respondents filed an opposition in which they argue that petitioner mischaracterizes the relevant facts because he has received a bond hearing before an IJ.  (Doc. No. 6 at 2.)  In support of their opposition, respondents submit the IJ's order denying release in which the IJ concluded that:  (1) the IJ lacked jurisdiction to hear petitioner's custody re-

1

determination pursuant to 8 C.F.R. § 236 because petitioner was mandatorily detained under 8 U.S.C. § 1225(b); and (2) alternatively, even if petitioner was not detained under § 1225, release would be denied because he presents a danger to the community based on the recency and seriousness of the criminal charges presently pending against him.  (Doc. No. 6-1 at 3–4.)

Petitioner is a native and citizen of Mexico who entered the United States in 2020 without inspection or admission by immigration officials.  (Doc. Nos. 1 at ¶ 14; 6-2 at 2.)  On January 4, 2026, petitioner was arrested for driving under the influence with a blood alcohol content of .15 or higher with a person under the age of 18 in the vehicle, driving without a valid license, and fleeing or eluding law enforcement with lights/sirens active.  (Doc. No. 6-2 at 3.)  After receiving notice of petitioner's arrest, Immigration and Customs Enforcement ("ICE") placed an immigration detainer on petitioner and took custody of him after his release from county jail in Florida on bond.  (Doc. Nos. 1 at ¶¶ 4–5; 6-2 at 3.)  On February 21, 2026, petitioner was served with a notice to appear that charged him as an alien present in the United States who has not been admitted or paroled.  (Doc. No. 6-4 at 1.)

On March 12, 2026, petitioner appeared before an IJ for a custody redetermination proceeding.  (Doc. No. 6-1.)  The IJ denied petitioner's request for release on bond on two grounds:  (1) that under *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), the IJ lacked jurisdiction to even hold a custody redetermination hearing because petitioner is mandatorily detained under § 235(b)(2), codified at 8 U.S.C. § 1225(b)(2) of the INA; and (2) alternatively, even if the IJ had jurisdiction, the IJ would find that petitioner's release "would pose a danger to the persons or property based on the recency and seriousness of his alleged criminal activity."  (*Id.* at 3–4.)  As to the second finding, the IJ discussed the evidence considered in reaching this conclusion at length in the order denying petitioner's request for release on bond.  (*Id.* at 4–6.)  The IJ held that the nature of the charges for which petitioner was recently arrested "constitutes evidence of his dangerousness."  (*Id.* at 4.)  The IJ further concluded that, while petitioner has no other criminal history, "the recency and seriousness of [petitioner's] dangerous driving conduct, indicated that he constitutes a danger to the community[.]"  (*Id.*)  The IJ also considered the fact that petitioner was cited for "Failure to Use Due Care" and "Driving Without a Child Restraint"

2

in violation of Florida law. (*Id.*) Ultimately, the IJ concluded that, in light of all the evidence before that court, petitioner presented a danger to the community. (*Id.* at 6.)

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. For Wild Rockies*, 632 F.3d at 1131.

## DISCUSSION

Petitioner contends that his detention without a bond hearing violates due process and the INA. (Doc. No. 2.) In opposition, respondents contend that petitioner's detention is mandated by § 1225(b)(2) because he is an "applicant for admission" who is entered the United States illegally and was placed into removal proceedings. (Doc. No. 6 at 2.)

As to the detention authority that governs petitioner's custody status, it appears from the evidence before the court that petitioner entered the United States in 2020 and has continuously resided in the country since then. Many courts across the country have rejected respondents'

3

interpretation of the INA and have concluded that § 1226(a) applies to individuals who were residing in the United States before they were detained. *Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR (HC), 2026 WL 508419, at *4 (E.D. Cal. Feb. 24, 2026) (collecting cases). The undersigned agrees with this reading of the INA and concludes that petitioner's detention is governed by § 1226(a), not § 1225(b)(2). However, because there is no indication that petitioner was released into the United States by immigration officials when he entered in 2020, and he is not subject to mandatory detention pursuant to a different detention authority, petitioner is only entitled to a bond hearing pursuant to § 1226(a). *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) (explaining that similarly situated individuals are entitled to a bond hearing pursuant to § 1226(a)).

Respondents maintain that petitioner's detention is governed by § 1225(b)(2), but they offer evidence that petitioner received a bond hearing before an IJ on March 12, 2026. (Doc. No. 6-1.) While the IJ held that the IJ lacked jurisdiction to consider petitioner's request for release, the IJ's alternative finding of dangerousness provides a lawful basis justifying petitioner's continued detention. *Chiquito Barzola v. Warden, Delaney Hall Det. Facility Newark, NJ*, No. 2:25-cv-17326-MEF, 2025 WL 3443487, at *2 (D.N.J. Dec. 1, 2025) (concluding that petitioner was lawfully detained where the IJ held that *Matter of Yajure Hurtado* stripped the IJ of jurisdiction to order the petitioner's release but alternatively held that even if the IJ had jurisdiction, release would still be denied because petitioner was a flight risk).[1]

Accordingly, the court concludes that petitioner is not likely to succeed on the merits of his statutory and constitutional claims. Because petitioner fails to satisfy the first *Winter* factor, the "court need not consider the other factors[.]" *Baird v. Bonta*, 81 F.4th 1036 (9th Cir. 2023) (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

---

[1] The court notes that, although petitioner is lawfully detained, he may request another bond redetermination if his circumstances were to change because his detention is governed by § 1226(a). 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").

**CONCLUSION**

Accordingly:

1.    Petitioner's motion for temporary restraining order (Doc. No. 2) is denied; and

2.    The pending petition for writ of *habeas corpus* (Doc. No. 1) is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **March 31, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE